UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDUL RASHEED ABAARI,

                Petitioner,

     -against-

UNITED STATES of AMERICA,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

03 CV 4723

DEARIE, Chief Judge.

     Petitioner, pro se, challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below and in respondent's opposition, petitioner's motion is denied, and the petition is dismissed.

### Background

     From December 1999 through March 2000, petitioner orchestrated a conspiracy to import heroin from Ghana. Petitioner first recruited his friend Zena Nelson as a courier. When Nelson became unavailable, she enlisted the help of her friend Tamara Benston at petitioner's request. Petitioner facilitated Benston's travel, including arranging her inoculations and airline tickets and paying for various expenses. While in Ghana, Benston was escorted by petitioner's friends and relatives, including petitioner's cousin Samusi. Samusi gave Benston a black back containing heroin, and his relatives drove her to the airport for her return trip.

     Benston was arrested at the airport after a customs inspector found the heroin in the black back, and she agreed to cooperate in a controlled delivery of the narcotics to petitioner. Benston met petitioner in the airport waiting area, and he was arrested after he took possession of the bag. Following a jury trial, petitioner was convicted of conspiring to possess with intent to distribute,

conspiring to import, and knowingly and intentionally aiding and abetting the possession with intent to distribute 100 grams or more of heroin.

In the Pre-Sentence Report, petitioner's U.S. Sentencing Guidelines base offense level was calculated to be 28 based on the involvement of at least 400 grams of heroin. Petitioner was subject to a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for his role as a leader or organizer. He challenged the role enhancement both on the ground that there were fewer than five participants and on the ground that he was not an organizer or leader. In addition, he argued that a reduction was warranted because he played a minor role and that the Court should downwardly depart on the ground that his behavior was aberrant. At sentencing, this Court concluded that the role enhancement applied and sentenced petitioner to 121 months, the low end of the Guidelines range.

Petitioner appealed, arguing that this Court erred in determining that he was an organizer or leader and by not downwardly departing. The Second Circuit affirmed. United States v. Abaari, No. 01-1482 (2d Cir. Sept. 6, 2002). Petitioner now contends that his conviction must be reversed under Apprendi v. New Jersey, 530 U.S. 466 (2000) because the indictment failed to charge that he was an organizer or leader in a conspiracy involving five or more participants and such facts were not found by the jury. In addition, petitioner argues that he was denied effective assistance of counsel because he was not advised that he would be subject to the role enhancement and because his lawyer failed to challenge at sentencing and on appeal that the conspiracy involved five or more participants. Petitioner seeks to add a claim by amendment that his sentence violates Blakely v. Washington, 542 U.S. 296 (2004).

## Discussion

Petitioner contends that this Court's application of the Section 3B1.1(a) Guidelines enhancement violated Apprendi. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, Apprendi is not implicated when the sentenced imposed under the Guidelines does not exceed the otherwise applicable statutory maximum. United States v. Garcia, 240 F.3d 180, 184 (2d Cir. 2001); United States v. Norris, 281 F.3d 357, 360-61 (2d Cir. 2002). Under 21 U.S.C. § 841 (b)(1)(B) and § 960 (b)(2)(A), a 5 year minimum and 40 year statutory maximum term applied to each count of conviction. Accordingly, no Apprendi violation occurred.

Petitioner is also not entitled to relief under Blakely. Neither Blakely nor United States v. Booker, 543 U.S. 220 (2005), is retroactively applicable to cases on collateral review. Carmona v. United States, 390 F.3d 200, 202-203 (2d Cir. 2004) (Supreme Court has not made Blakely retroactive on collateral review); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) (Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued.").

Petitioner's ineffective assistance of counsel claims also fail. To prevail on an ineffective assistance of counsel claim, petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that petitioner was prejudiced by the deficient performance, id. at 692. As petitioner's counsel makes clear in his affidavit, petitioner was advised of the risks of proceeding to trial, including that he would likely receive a more severe sentence than if he chose to plead guilty and that he

"faced the realistic possibility of receiving a role enhancement." (Brounstein Aff. ¶ 3). Moreover, the record makes plain that counsel vigorously opposed the role enhancement at sentencing on the ground that fewer than five participants were involved. Finally, given the evidence at trial, petitioner cannot demonstrate a reasonable probability that but for counsel's failure to challenge on appeal the Court's determination that the conspiracy involved five or more participants, the result would have different.

## Conclusion

Petitioner's motion is denied, and the petition is dismissed. A certificate of appealability shall not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
January _11_, 2008

s/RJD

RAYMOND J. DEARIE
United States District Judge